1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY E. OWEN and SUSAN MARIE
OWEN, each individually and the marital
community composed thereof,

Plaintiffs,

v.

COUNTY OF KITSAP, et al.,

Defendants.

CASE NO. C07-5044BHS

ORDER GRANTING DEFENDANTS
MEDINA, ALBER AND NORTH
KITSAP SCHOOL DISTRICT'S
MOTION FOR SUMMARY
JUDGMENT DISMISSAL OF
PLAINTIFFS' CLAIMS AND
DENYING PLAINTIFFS' MOTION TO
CONTINUE HEARING OF MOTION
FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants Medina, Alber and North

Kitsap School District's ("School District Defendants") Motion for Summary Judgment

Dismissal of Plaintiffs' Claims (Dkt. 72) and Plaintiffs' Motion to Continue Hearing of

Motion for Summary Judgment (Dkt. 78).  The Court, having considered the School

District Defendants' motion, the reply, the remainder of the file herein, and Plaintiffs

having filed no timely response, as well as considering Plaintiffs' motion for relief from a

deadline and School District Defendants' response, hereby grants School District

Defendants' motion for summary judgment and denies Plaintiffs' motion to continue as

provided herein.

ORDER – 1

**PLAINTIFFS' MOTION TO CONTINUE HEARING**

Plaintiffs, three days after the noting date for Defendants' motion for summary judgment and one week after a response was due, filed their motion to continue the hearing for School District Defendants' motion, citing discovery problems for their failure to make a timely response. Plaintiffs state that they "have been mired in a discovery dispute *with the other named defendants in this matter*" and that this dispute "with the other named defendants has ground discovery in this matter to a halt." Dkt. 78 at 4, 6 (emphasis added). Plaintiffs request more time to conduct discovery in order to adequately respond to Defendants' motion pursuant to Fed. R. Civ. P. 56(f). However, it should be noted that Plaintiffs do not contend that discovery disputes have existed or currently exist with respect to School District Defendants other than a late-filed response to Plaintiffs' request for production. Dkt. 78 at 5. Furthermore, Plaintiffs have not provided any reason why they have failed to attempt to depose employees of the school district when they had approximately three weeks to do so after they received responses to their request for production.

Fed. R. Civ. P. 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

A party requesting a continuance pursuant to Fed. R. Civ. P. 56(f) is required to identify the specific facts that further discovery would reveal, together with an explanation detailing how those facts would preclude summary judgment. *Tatum v. City and County of San Francisco,* 441 F.3d 1090, 1100 (9th Cir. 2006).

Plaintiffs, in the instant matter, do not provide any specific facts that further discovery would reveal that militate against the granting of summary judgment. Instead, they state a belief that communications took place that School District Defendants have

ORDER – 2

1  specifically stated did not occur in their response to Plaintiffs' request for production.

2  Dkt. 78 at 5.  Furthermore, Plaintiffs state that they have not "had the opportunity to

3  depose Medina, Albers, or any other named defendant." *Id.*  However, Plaintiffs have not

4  filed any motions to compel related to the discovery they claim they have been unable to

5  conduct, nor does it appear from the record before the Court that Plaintiffs have been

6  diligent or made any attempt to conduct this discovery.  In light of the above

7  circumstances, the Court declines to extend the noting date for School District

8  Defendants' motion for summary judgment and denies Plaintiffs' motion to continue.

9

## SCHOOL DISTRICT DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

10

11      Summary judgment is proper only if the pleadings, depositions, answers to

12  interrogatories, and admissions on file, together with the affidavits, if any, show that there

13  is no genuine issue as to any material fact and the moving party is entitled to judgment as

14  a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a

15  matter of law when the nonmoving party fails to make a sufficient showing on an

16  essential element of a claim in the case on which the nonmoving party has the burden of

17  proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of

18  fact for trial where the record, taken as a whole, could not lead a rational trier of fact to

19  find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

20  U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative

21  evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e).

22  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence

23  supporting the claimed factual dispute, requiring a judge or jury to resolve the differing

24  versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W.*

25  *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

26

27

28

ORDER – 3

1    The determination of the existence of a material fact is often a close question. The

2    court must consider the substantive evidentiary burden that the nonmoving party must

3    meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

4    U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual

5    issues of controversy in favor of the nonmoving party only when the facts specifically

6    attested by that party contradict facts specifically attested by the moving party. The

7    nonmoving party may not merely state that it will discredit the moving party's evidence at

8    trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*

9    *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific

10   statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan*

11   *v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

12   Plaintiffs have alleged that School District Defendants violated their constitutional

13   rights when a report was made of possible illegal activity occurring on Plaintiffs'

14   property. Dkt. 1 at 10, 11.  Plaintiffs' property is located within 1000 feet of one of the

15   District's schools. Dkt. 73 at 1.  After the School District Defendants shared their

16   concerns with law enforcement authorities, further investigation was conducted.  This

17   investigation included review of photographs contained on an adult web site which

18   depicted semi-nude and nude women engaged in bondage activities on Plaintiffs'

19   property. Dkt. 42. Subsequently, a search warrant was issued and prosecutors initiated

20   charges against Plaintiffs that were later dismissed. Dkt. 72 at 3.

21   There is nothing in the record before the Court, nor does it appear that further

22   discovery would reveal facts that would raise a material issue of dispute, that would

23   indicate that School District Defendants were involved in the procurement of the search

24   warrant and subsequent search of Plaintiffs' property or the prosecution of Plaintiffs.  The

25   only basis for liability Plaintiffs are able to point to concerning School District

26   Defendants' conduct is the initial report made to Kitsap County Sheriff's Department.

27

28

ORDER – 4

Dkt. 1 at 5, 6.  Under these circumstances, the Court finds that School District Defendants' conduct cannot be shown to have caused any deprivation of constitutional rights where the sheriff's department, and subsequently the Kitsap County Prosecutor, made independent determinations to investigate the activity of and bring charges against Plaintiffs.  Furthermore, School District Defendants' reporting of possible adult entertainment activity near a school does not rise to the level of a violation of a "clearly established statutory or constitutional right of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Additionally, the Court finds as a matter of law that School District Defendants' conduct was objectively reasonable, and that Defendant Medina is shielded from liability by the doctrine of qualified immunity.

Therefore it is hereby

**ORDERED** that Defendants Medina, Alber and North Kitsap School District's Motion for Summary Judgment Dismissal of Plaintiffs' Claims (Dkt. 72) is **GRANTED** and Plaintiffs' Motion to Continue Hearing of Motion for Summary Judgment (Dkt. 78) is **DENIED.**  Plaintiffs' claims against Defendants Medina, Alber and North Kitsap School District are **DISMISSED with prejudice.**

DATED this 24th day of March, 2008.


BENJAMIN H. SETTLE
United States District Judge