UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY E. OWEN and SUSAN MARIE OWEN, each individually and the marital community composed thereof,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF KITSAP, et al.,<br><br>    Defendants. | CASE NO. C07-5044BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO CONTINUE HEARING FOR SUMMARY JUDGMENT MOTION |

This matter comes before the Court on Plaintiffs' Motion to Continue Hearing for Summary Judgment Motion Filed by Defendants (Dkt. 97). The Court has considered the Plaintiffs' motion, Defendants' response, Plaintiffs' reply, and the remainder of the file herein and hereby grants Plaintiffs' motion for the reasons stated herein.

Fed R. Civ. P. 56(f) states:

> When Affidavits are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

A party making such a motion must show (1) that they have set forth in affidavit form specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. *State of Cal., on Behalf of Cal. Dept. of Toxic Substances Control v. Cambell*, 138 F.3d 772, 779 (9th Cir. 1998). Rule 56(f) motions are to be granted freely where the

ORDER – 1

requesting party has complied with the rules requirements. *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation,* 323 F.3d 767, 773-774 (9th Cir. 2003). "Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." *Terrell v. Brewer,* 935 F.2d 1015, 1018 (9th Cir. 1990).

In the instant matter the Court finds that Plaintiffs have made the requisite showing to allow the Court to continue the hearing date for Defendants' motion for summary judgment. While it is true that Defendants contest the existence of the requested evidence, in the interest of justice, Plaintiffs should be given an opportunity through discovery to determine whether any relevant communications between Defendants relating to this matter exist. Furthermore, the parties agreed to a continuance to allow further discovery to be completed and the discovery cut-off date was extended to November 11, 2008. Dkt. 87. Because both parties agree that more time is needed to conduct discovery, the Court finds that prudence dictates continuing the hearing date to allow for this to occur.

Therefore it is **ORDERED** that Plaintiffs' Motion to Continue Hearing for Summary Judgment Motion Filed by Defendants (Dkt. 97) is hereby **GRANTED.** Plaintiffs shall have until June 30, 2008 to file a supplemental response with any additional information obtained through further discovery; Defendants shall have until July 10, 2008 to file a supplemental reply; and the motion shall be renoted to July 11, 2008.

DATED this 3rd day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 2