UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY E. OWEN and SUSAN MARIE OWEN, each individually and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KITSAP, et al.,<br><br>Defendants. | CASE NO. C07-5044BHS<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR AN ORDER TO COMPEL DISCOVERY AND FOR AN AWARD OF ATTORNEY'S FEES AND SANCTIONS |

This matter comes before the Court on Plaintiffs' Motion for an Order to Compel Discovery and for an Award of Attorney's Fees and Sanctions (Dkt. 112). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion without prejudice for the reasons stated herein.

**I. DISCUSSION**

Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of

ORDER – 1

> any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). If information responsive to discovery requests is privileged or constitutes protected work product, the responding party must expressly invoke the privilege or protection and "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). Discovery must be limited if the Court determines that the discovery sought is unreasonably cumulative or duplicative or is obtainable from a more convenient, less burdensome, or less expensive source; that the seeking party has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery request outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to answer an interrogatory or a request for production, the party may move to compel disclosure pursuant to Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37(a)(3)(B). The motion must certify that the parties have made a good faith effort to confer and resolve the dispute themselves. Fed. R. Civ. P. 37(a)(1). A good faith effort to confer "requires a face-to-face meeting or a telephone conference." Local Rule CR 37(a)(2)(A).

In this case, the parties conferred on January 23, 2008, but were apparently unable to resolve issues raised in the motion to compel without Court intervention. Dkt. 113 at 4. While Defendants urge the Court to "delve into the Plaintiff's discovery requests to promote refinement of the requests so as to avoid undue burden or expense," the parties' reference to Plaintiffs' 200 discovery requests in only a cursory manner does not aid this endeavor. Plaintiffs fail to address their discovery requests with any particularity and

ORDER – 2

therefore have not made the requisite showing in support of their motion to compel. Accordingly, the motion is denied without prejudice.

## II. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for an Order to Compel Discovery and for an Award of Attorney's Fees and Sanctions (Dkt. 112) is **DENIED without prejudice**.

DATED this 22nd day of July, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3