UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY E. OWEN and SUSAN MARIE OWEN, each individually and the marital community composed thereof,

Plaintiffs,

v.

COUNTY OF KITSAP, et al.,

Defendants.

CASE NO. C07-5044BHS

ORDER GRANTING DEFENDANT HAUGE AND JAHNS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants Hauge and Jahns' ("moving Defendants") Motion for Summary Judgment. Dkt. 121. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Unless otherwise indicated, the following facts are undisputed or taken in the light most favorable to Plaintiffs:

At all relevant times, moving Defendants Russell Hauge and Jeffrey Jahns were Kitsap County prosecutors.

Plaintiff Susan Marie Owen is the president and sole shareholder of Beltane Enterprises, Inc. ("Beltane"). Dkt. 96 at 1. Plaintiff Jeffrey E. Owen is an employee and creative director of Beltane. *Id*. Beltane offers access to internet websites containing digital imagery and writings. *Id.* at 2. Beltane owns and operates an internet website located at www.houseofgord.com. Dkt. 1 at 4. The website has a "Members Area" that is

ORDER – 1

accessible only after paying a fee electronically or by sending payment to an address in Seattle, Washington. Dkt. 96 at 2.

Beltane retains the services of models to pose for creation of digital imagery for display on www.houseofgord.com ("the website"). *Id.* Models are occasionally retained to pose at a residence owned by Mr. Owens and located at 9854 West Kingston Road in Kingston, Washington ("the West Kingston residence"). Dkt. 1 at 5. According to Plaintiffs, models present at the West Kingston residence were not visible from public roadways or other public localities, and the West Kingston residence was not open to the public while models were present. Dkt. 96 at 2-3

In December of 2004, Mr. Owen filed a lawsuit to enjoin the construction of a high school on a site located in northern Kitsap County. Dkt. 96 at 3. Plaintiffs contend that "[a]s a result of this lawsuit, there has been significant and lingering animosity between the parties." Dkt. 1 at 5.

On or about April 29, 2005, Eugene J. Medina, Superintendent for the North Kitsap School District, contacted Lt. Earl Smith and reported his belief that photographs for the website were being produced at 7881 NE Hailey Loop ("the Hailey Loop location"), within 1,000 feet of a school. *Id.* at 5-6. According to the moving Defendants, Mr. Medina notified Lt. Smith that the residence was located just off of West Kingston Road and reported his belief that photographs posted on www.houseofgord.com were taken at the Hailey Loop location. Dkt. 91 at 1.

Lt. Smith visited the website's preview section, which was accessible to the public, unlike the "Members Area" section. Dkt. 91 at 2.

Lt. Smith also spoke with Chad Lewis, a reporter, who told Lt. Smith that he had interviewed Mr. Owen and that he had observed pictures of the West Kingston residence on www.houseofgord.com. *Id.* at 3. Chief Deputy Prosecutor Jahns and Lt. Smith then prepared a complaint for search warrant alleging probable cause to believe that evidence

ORDER – 2

of a violation of Kitsap County Code § 10.52.30 would be found at the West Kingston residence. Dkt. 1 at 7.

A search warrant for the West Kingston residence was issued, and the warrant was executed on April 29, 2005. *Id.* at 8. Mr. Jahns signed the complaint for the search warrant and a state district court judge signed the warrant. Dkt. 121 at 2. Lt. Smith participated in the execution of the search warrant at the West Kingston residence. Dkt. 91 at 4. While executing the warrant, Lt. Smith made contact with Mr. Owen, whom he recognized from photographs he had seen on www.houseofgord.com. *Id.* at 4. Mr. Owen contends that during the search he was detained outside and was not permitted to leave, re-enter the home, or contact an attorney. Dkt. 96 at 3. Mr. Owen contends that he was required to answer questions, that his request to contact an attorney was ignored, and that he was not given *Miranda* warnings. Dkt. 1 at 9; Dkt. 96 at 3.

Lt. Smith contests this version of events. According to Lt. Smith, Mr. Owen accompanied law enforcement during much of the search and spoke with his attorney on the phone while officers executed the search warrant. Dkt. 91 at 4. Lt. Smith concedes that he did not give Mr. Owen *Miranda* warnings because he believed that no such warnings were necessary since Mr. Owen was not placed under arrest. *Id.*

On or about August 4, 2005, the Kitsap County Prosecuting Attorneys' Office filed a criminal complaint against Plaintiffs, alleging that they operated a "sexual encounter center" at the West Kingston residence. Dkt. 1 at 9. On January 18, 2006, the criminal charges were dismissed for insufficiency of evidence. *Id.* at 10. Kitsap County Prosecutor Russell Hague moved for reconsideration of the order of dismissal, and the motion was denied. Mr. Hauge also appealed the dismissal but ultimately dismissed the appeal. *Id.*

On January 31, 2007, Jeffrey E. Owen and Susan Marie Owen, husband and wife, filed suit in federal court for violation of their civil rights pursuant to 42 U.S.C. § 1983 under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution

ORDER – 3

and Article I, Section 3 and 7 of the Washington State Constitution and for malicious prosecution. Dkt. 1.

On March 24, 2008, the Court dismissed Eugene J. Medina, Leslie F. Alber, and the North Kitsap School District. Dkt. 83. On July 23, 2008, the Court dismissed Kitsap County, Stephen A. Breyer, Judith Boyer, Earl Smith, and Jane Doe Smith. Dkt. 124.

On July 9, 2008, the moving Defendants moved for summary judgment. Dkt. 121. Plaintiffs did not respond to the moving Defendants' motion within the time period allocated by Local Civil Rule 7(d)(3). Rather, Plaintiffs and moving Defendants moved the Court to enter a stipulation granting summary judgment in favor of the moving Defendants on the basis that "the Court will apply the same reasoning regarding immunity and [reach the] same result as the Court's prior [summary judgment order entered on March 24, 2008]." Dkt. 126. The Court declined to enter this stipulation because it improperly predicted how the Court would rule on the pending motion for summary judgment motion. Dkt. 127. The Court noted that the March 24, 2008, order involved qualified immunity issues, while the pending motion involves absolute immunity. The Court ordered the parties to show cause why the summary judgment motion should not be entered in favor of the moving Defendants, and Plaintiffs responded on October 15, 2008. Dkt. 128. The moving Defendants' motion for summary judgment is now ripe for consideration.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### B. PLAINTIFFS' CLAIMS UNDER SECTION 1983 AND WASHINGTON STATE COMMON LAW

Plaintiffs appear to allege two claims for malicious prosecution: one under § 1983 and one under Washington state common law. *See* Dkt. 1, 10-12; Dkt. 128, 7-8.

The moving Defendants seek summary judgment on all claims. Dkt. 121. The moving Defendants contend that summary judgment is proper because (1) they are

ORDER – 5

entitled to absolute immunity or qualified immunity, and (2) Plaintiffs are collaterally estopped because of Judge Paja's decision. Dkt. 121.

Plaintiffs contend that the moving Defendants have failed to establish the absence of genuine issues of material fact concerning whether they are entitled to absolute or qualified immunity. Dkt. 128.

**1.    Section 1983**

Section 1983 provides for the redress of constitutional rights violations:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

Section 1983 is a procedural device for enforcing constitutional provisions and federal statutes; the section does not create or afford substantive rights. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The elements of a Section 1983 claim are (1) a violation of rights protected by the Constitution or by federal statute, (2) proximately caused (3) by conduct of a "person" (4) acting under color of state law. *Id.* Plaintiffs must allege facts demonstrating that individual defendants caused, or personally participated in causing, the alleged harm. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978).

**2.    Malicious Prosecution**

A plaintiff may pursue a claim under Section 1983 for malicious prosecution in certain circumstances. *See Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). In Washington, a plaintiff may maintain a state claim for malicious prosecution if he or she pleads and proves the following elements: (1) that the prosecution claimed to have been malicious

ORDER – 6

was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings were terminated in favor of the plaintiff; and (5) that the plaintiff suffered injury or damage as a result of the prosecution. *Hanson v. City of Snohomish*, 121 Wn. 2d 552, 558 (1993), *citing Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn. 2d 485, 497 (1942).

Even assuming that Plaintiffs demonstrated a want of probable cause, they have failed to direct the Court to evidence in the record that supports their contention that the moving Defendants conducted a *malicious* prosecution. Plaintiffs contend that because the moving Defendants' prosecution and subsequent appeal was based on "insufficient evidence," the moving Defendants acted with malice. This argument supports Plaintiffs' contention that the moving Defendants maintained a prosecution that was not based on probable cause, but it does not support Plaintiffs' contention that the moving Defendants acted with malice.

In any event, the moving Defendants are entitled to absolute immunity as discussed below.

### 3. Absolute Immunity

Absolute immunity protects a prosecutor from liability arising from a plaintiff's Section 1983 claim for malicious prosecution when the alleged misconduct is "intimately associated with the judicial phase of the criminal process." *See Imblar v. Pachtman*, 424 U.S. 409, 430-31 (1976). This includes protection for alleged wrongdoing associated with "initiating a prosecution and in presenting the state's case." *Id*. at 431. Absolute immunity even protects a prosecutor's use of perjured testimony. *Id.*

Specifically, absolute immunity protects a prosecutor's activities in connection with the preparation and filing of charging documents and motions for arrest or search warrants, unless the prosecutor steps outside his or her role as an advocate, such as acting as a complaining witness. *See Kalina*, 522 U.S. at 129 (prosecutor's act of

ORDER – 7

personally certifying truthfulness of statements in an application for an arrest warrant not protected by absolute immunity).

Washington state courts follow federal constructs of absolute immunity. *See Musso-Escude v. Edwards*, 101 Wn. App. 560, 567-568 (2000) (collecting cases), *see also Tanner v. City of Federal Way*, 100 Wn. App. 1, 4 (2000) ("[p]rosecutors are immune from section 1983 federal claims as well as state common law claims").

Plaintiffs contend that the moving Defendants have failed to demonstrate that they are entitled to absolute or qualified immunity. Plaintiffs maintain that the moving Defendants have failed to provide the Court with legal authority that supports their contention that absolute immunity provides protection for Plaintiffs' claims of malicious prosecution.[1] Plaintiffs further contend that the facts alleged in their complaint satisfy the elements for a state malicious prosecution claim. Dkt. 128 at 8, *citing Hanson, supra.*

The Court concludes that the moving Defendants are entitled to absolute immunity. Summary judgment is proper as to Plaintiffs' claims under Section 1983 because Plaintiffs fail to allege that the moving Defendants acted improperly outside of their role as advocates. Each of the following allegations of wrongdoing on the part of the moving Defendants involve conduct of an advocate: (1) that the moving Defendants filed a criminal complaint against Plaintiffs that was not supported by probable cause because there was insufficient evidence of the alleged crime, and (2) that the moving Defendants filed a motion to reconsider "without any new facts." *Id*. Plaintiffs have not alleged any wrongdoing that can be construed as going beyond the scope of a prosecutor's role as an advocate. The Supreme Court has specifically held that a

---

[1] The moving Defendants did provide the correct legal authority, citing *Kalina* and *Imblar*, *supra*. Dkt. 121 at 6. The plaintiff in *Imblar* originally filed an action alleging wrongful prosecution, and the Supreme Court analyzed the claim along the lines of a common law malicious prosecution claim. *See Kalina*, 522 U.S. at 124-125 (*citing Imblar*, 424 U.S. at 506-507). The plaintiff in *Kalina* sought damages from a prosecutor, alleging that the prosecutor made false statements in an application for an arrest warrant. Similarly, Plaintiffs here claim that the moving Defendants filed a criminal complaint that was not supported by sufficient evidence.

ORDER – 8

prosecutor's decision to initiate a prosecution is protected by absolute immunity. *See Imblar* and *Kalina, supra.*

Similarly, the moving Defendants are entitled to absolute immunity under Washington state law. The case cited by Plaintiffs in support of their contention that they have satisfied the elements of a state malicious prosecution claim, *Hanson, supra*, did not reach the issue of absolute immunity. Rather, that court held that the defendants had demonstrated that the plaintiff failed to satisfy the probable cause element. As discussed above, Washington courts follow the federal constructs of absolute immunity.

### 4. Spouse Defendants

Plaintiffs named both moving Defendants' spouses as defendants in this action. Dkt. 1. The Court presumes that the moving Defendants include their respective spouses in their summary judgment motion. Plaintiffs have not alleged any personal liability on the part of the moving Defendants' spouses based on their own conduct; rather, the claims against the spouses are based on community liability. Because the Court concludes that the moving Defendants are entitled to absolute liability, their spouses are dismissed from this action.

### 5. Conclusion

The remaining Defendants in this action, Russell Hauge, Jilann J. Hague, Jeffrey Jahns,, and Therese M. Duggan-Jahns, are dismissed.

## III. ORDER

Therefore, it is hereby

**ORDERED** that the moving Defendants' motion for summary judgment (Dkt. 121) is **GRANTED**, and this action is **DISMISSED**.

DATED this 27th day of October, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 9